NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**LUTHER WILLIAMS, JR.,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2019-1428

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-2972, Judge Joseph L. Falvey, Jr.

_____

Decided: June 7, 2019

_____

LUTHER WILLIAMS, JR., Jackson, MS, pro se.

KARA WESTERCAMP, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM; Y. KEN LEE, DEREK SCADDEN, Office of

General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before NEWMAN, TARANTO, and STOLL, *Circuit Judges.*

PER CURIAM.

In 1978, Luther Williams, Jr., an Army veteran, filed with the Department of Veterans Affairs (VA) a claim for veterans' benefits due to what he alleged was a liver-based disability. After a complex course of related proceedings, the VA's Board of Veterans' Appeals determined that Mr. Williams did not have a liver-based disability that entitles him to benefits. *In re Williams*, No. 98-07 067, 2017 WL 1298720, at *6 (Bd. Vet. App. Feb. 1, 2017) (*Board Decision*); Suppl. App. 12–26. The Court of Appeals for Veterans Claims (Veterans Court) affirmed. *Williams v. Wilkie*, No. 17-2972, 2018 WL 6597248, at *4 (Vet. App. Dec. 17, 2018) (*Veterans Court Decision*); Suppl. App. 1–6. Mr. Williams appeals the Veterans Court's decision. Because Mr. Williams's challenge falls outside our limited jurisdiction, we must dismiss the appeal.

I

Mr. Williams served on active duty in the Army from June 1974 to June 1977. In February and March 1978, professionals at a VA hospital performed diagnostic tests on and took biopsies of Mr. Williams's liver. A biopsy revealed "non-specific hepatitis, NBsAg negative, but antibody positive," plus a "probable subclinical case of hepatitis B at least 6 months ago." *Veterans Court Decision,* 2018 WL 6597248, at *1.

In April 1978, Mr. Williams submitted a claim for benefits based on a liver disability, which he alleged was connected to his Army service. A VA Regional Office (RO) denied the claim. Mr. Williams objected to the RO's decision, but the RO later sent his case materials to the wrong

address. When Mr. Williams eventually sought to appeal to the Board, the Board ruled that his appeal was untimely. *See Williams v. Principi*, No. 02-754, 2004 WL 2283934, at *1 (Vet. App. Oct. 1, 2004). Because the VA's use of an incorrect address prevented the RO decision from becoming final, the Veterans Court reversed the Board's decision in relevant part and remanded Mr. Williams's liver-disability claim for consideration on the merits. *Id.* at *7.

On remand, the Board found that Mr. Williams did not have a liver disability and denied his claim. *See Williams v. Shinseki*, No. 08-1180, 2009 WL 1133063, at *2 (Vet. App. Apr. 27, 2009). Following the VA's concession that the Board did not determine whether Mr. Williams had a liver disability at *any point* after he first filed his claim in 1978, the Veterans Court vacated the Board's decision and remanded for the Board's reconsideration of Mr. Williams's claim. *Id.* at *3. The Board obtained a medical opinion regarding Mr. Williams's condition and again denied his claim. *See Williams v. Shinseki*, No. 12-3690, 2013 WL 5488829, at *1 (Vet. App. Oct. 3, 2013). The Veterans Court concluded that the Board did not adequately explain its bases for denying Mr. Williams's claim, particularly because the medical examiner noted that more tests might be necessary. *Id.* at *2. Therefore, the Veterans Court vacated the Board's decision yet again and remanded for further reconsideration. *Id.* at *3.

Before considering the case for a fourth time, the Board obtained a medical opinion from Dr. Alan Rosman, who stated that Mr. Williams's record was consistent with *resolved* hepatitis B, "which does not result in chronic liver disease or morbidity." *Board Decision*, 2017 WL 1298720, at *5. Weighing the conflicting medical evidence, the Board credited Dr. Rosman's opinion and concluded that Mr. Williams was not entitled to a determination of a service-connected liver disability. *Id.* at *6–9. The Veterans Court then held that the Board had provided an adequate explanation for its decision and affirmed. *Veterans Court*

*Decision*, 2018 WL 6597248, at \*4. Mr. Williams timely appealed, seeking our review of the Veterans Court's decision.

## II

We have limited jurisdiction over appeals from Veterans Court decisions. Our jurisdictional statute permits us to review questions of constitutional, statutory, and regulatory interpretation that arise in Veterans Court decisions. 38 U.S.C. § 7292(d)(1). Where the veteran does not raise a constitutional issue, as is true here, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

We have explained that, in circumstances like those involved here, a veteran's entitlement to benefits requires "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service." *Shedden v. Principi*, 381 F.3d 1163, 1167 (Fed. Cir. 2004). The Board correctly articulated this standard. *Board Decision*, 2017 WL 1298720, at \*3. The Veterans Court did the same. *Veterans Court Decision*, 2018 WL 6597248, at \*2. Applying the standard, the Board determined that Mr. Williams was not entitled to benefits for a liver disability because it found that he did not in fact have a qualifying liver disability throughout the relevant time period. *Board Decision*, 2017 WL 1298720, at \*1. The Veterans Court affirmed the Board's decision. *Veterans Court Decision*, 2018 WL 6597248, at \*4. We do not have jurisdiction to review such fact-bound determinations. 38 U.S.C. § 7292(d)(2).

Although Mr. Williams contends that he raises issues of legal interpretation, we see no such issue in the materials before us. Mr. Williams mentions the Fifth and Fourteenth Amendments to the U.S. Constitution, but the Veterans Court did not decide any issue related to those

constitutional provisions, nor do we discern any issue that might involve them. We have considered Mr. Williams's other arguments but find that they do not involve an issue about the proper interpretation of a statute or regulation. In short, Mr. Williams's appeal raises only factual or law-application issues, over which we lack jurisdiction. Accordingly, we must dismiss the appeal.

No costs.

**DISMISSED**